UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JULIE SOURS and JOHN RITCHIE, individually and on behalf of the wrongful death beneficiaries of MARK W. RITCHIE, deceased                                                                  PLAINTIFFS

V.                                                 CIVIL ACTION NO. 3:19-CV-473-KHJ-MTP

ADAM N. YAMOUT, D.O.                                                                DEFENDANT

ORDER

Before the Court are four motions in limine filed by Defendant Dr. Adam Yamout: Motion in Limine Regarding Medical Testimony and Documentation [193], Motion in Limine Regarding Improper Argument [195], Motion in Limine Regarding the Existence of Insurance [197], Motion in Limine Regarding Hearsay Statements [199]. For the following reasons, the Court denies Motions in Limine [193] and [199], and grants Motions in Limine [195] and [197].

The purpose of a motion in limine is to prevent opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.* 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the

issue must be raised "outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

> I. Motion in Limine Regarding Medical Testimony and Documentation [193]

Dr. Yamout moves to prohibit any argument or testimony about the medical condition or treatment of Decedent Mark Ritchie that is not supported by medical records. [193]. He also seeks to limit such medical testimony to witnesses qualified to give an opinion under Federal Rules of Evidence 701 and 702. *Id.* at 1–2; Mem. in Support of Mot. in Limine [194] at 2. Plaintiffs John Ritchie and Julie Sours argue that Dr. Yamout's motion is "overly broad, too restrictive, and legally unmanageable at trial." Resp. in Opp. [205] at 1.

"[M]otions in limine should be 'narrowly tailored to address issues which will likely arise at trial and will require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection.'" *Est. of Wilson v. Mainer Health Care, Inc.*, No. 2:07-cv-55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008). The Court finds this motion premature and overbroad. If the Plaintiffs offer testimony in violation of Rules 701 and 702, Dr. Yamout may raise an objection at trial and impeach the witness on cross-examination. The Court denies the motion.

> II. Motion in Limine Regarding Improper Argument [195]

Dr. Yamout moves "[p]rohibit all counsel and parties from making any improper statements . . . such as 'Golden Rule' arguments or 'sending a message'

type statements." [195] at 1–2. Plaintiffs assert that the relief requested in this motion is not proper for a motion in limine because it is "unworkable as a universal, pre-trial prohibition." Resp. in Opp. [203] at 1.

The Fifth Circuit disfavors these types of arguments because they "encourage the jury to decide the case on the basis of personal interest and bias rather than on the evidence." *Jackson v. Low Constr. Grp., LLC*, No. 2:19-CV-130-KS-MTP, 2021 WL 1030995, at *1 (S.D. Miss. Mar. 17, 2021) (quoting *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 278 (5th Cir. 1998)). The Court therefore grants this motion.

### III. Motion in Limine Regarding the Existence of Insurance [197]

Dr. Yamout next moves to exclude all parties, witnesses, and counsel from referencing the existence, or lack, of a liability insurance policy for Dr. Yamout. [197]. Plaintiffs state they "have no intent whatsoever" to reference Dr. Yamout's medical liability insurance policy. Pl. Resp. in Opp. [204] at 1.

Because Plaintiffs are not planning to reference the policy, the Court grants the motion.

### IV. Motion in Limine Regarding Hearsay Statements [199]

Dr. Yamout moves to "prevent hearsay testimony from the Plaintiffs / wrongful death beneficiaries relating to any statements that may have been made to them by non-party medical providers of Mark Ritchie." [199] at 1. Plaintiffs agree that the Federal Rules of Evidence apply and state that they "do not intend to offer

hearsay statements unless a proper exception to the rule against hearsay applies." Resp. in Opp. [202] at 1.

Hearsay statements are those that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Hearsay is not admissible unless federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 802. The Court will faithfully apply the Federal Rules of Evidence and will exclude hearsay testimony that is not subject to a proper exception. The Court finds, however, that the motion lacks specificity as to which testimony Dr. Yamout is seeking to exclude. Dr. Yamout may make any necessary objections at trial. The motion therefore is denied.

V. Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Motions in Limine [193] and [199], and GRANTS Motions in Limine [195] and [197].

SO ORDERED this the 23rd day of May, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE